## JACKS v. PHILLIPS COUNTY.

A party contracting with the county court to make a plat of the county, marking thereon the unassessed land subject to taxation, and receive as compensation a portion of the taxes thereby collected, is not entitled to any compensation until he shall have performed his part of the contract, and money shall have been collected for taxes on the lands thus brought upon the tax book.

*Appeal from Phillips Circuit Court.*

Hon. JAMES M. HANKS, Circuit Judge.

HANLY, for the appellant.

The county court has power to enter into the contract, and the appellant to compensation for his services.

WALKER, C. J.

The appellant, Jacks, made a written proposition to the county court of Phillips county, in which he proposed to plat the county, and mark upon the plats the lands assessed, and thereby find the lands not assessed, for half the amount of taxes collected upon the lands thus placed upon the books, which was accepted by the court. At a subsequent term of said court, Jacks reported to the court that there were $126,936\frac{34}{100}$ acres of land not on the assessment books, but that 2,400 acres of this amount were lands improperly described; in addition to which were a few tracts which belonged to the United States, and to the State of Arkansas; that on some of the tracts no tax had been paid for years, a list of which, with computations of interest, he would furnish before the books were ready for the collector. This is the record statement; but the report itself, showing what particular tracts had been unassessed, if any,

does not appear. Upon consideration of which report, it was ordered that Jacks proceed to complete such assessment, to give notice to all persons whose lands had not been assessed, to assess them by a given day, and that he prepare a list of all such lands, for the inspection of all persons concerned.

At the April term, 1867, Jacks presented his account to the county court, as follows:

The county of Phillips,
 1867.        In account with Thomas Jacks.
May 1. To compensation for service in making out
     list of lands, not assessed by the assessor,
     under the order of the county court of
     this county, at the April term, 1866, - $2,234 26

In addition to the written proposal of Jacks and the orders of court, which we have stated in substance, Jacks also offered in evidence a list of lands headed: "List of lands on which taxes have been paid—taxes assessed in the name of unknown persons," followed by a list of lands, and opposite each tract a sum of money, which, in view of the statement in the caption, we suppose to represent the amount of taxes paid on each tract, amounting, by computation, to the sum of $13,393\frac{56}{100}$; and certified, as follows:

" I, Thomas M. Oldham, collector for the county of Phillips, in the State of Arkansas, do certify that the above is a correct abstract from the tax book of 1866, now in my hands as collector.

"Given under my hand, this 14th day of May, A. D. 1867.
        " T. M. OLDHAM, Collector of P. C."

Which was all the evidence adduced.

The court rejected the claim, and rendered judgment against Jacks for the cost, to which he excepted, and appealed to the circuit court.

The circuit court, in accordance with the practice laid down in Carnall v. Crawford County, 11 Ark., 695, proceeded to inspect

the record sent from the county court, and finding no error in the proceedings and judgment, affirmed it, with costs; from which judgment Jacks has appealed to this court.

The proposal made by Jacks to the county court, and which was accepted, was, that Jacks was to receive for his services one-half of the money collected off of the lands which he might ascertain to have been omitted in the late assessment of the county taxes ; and this right·to compensation depended upon the performance of his contract, by ascertaining the omitted lands and bringing them upon the assessor's list, and that money had been received in payment of taxes on the lands so ascertained and assessed. Then, and not until then, would he have a right to claim of the county one-half of the money collected; because his contract was conditional, and his right to compensation depended upon his performance of his contract, and the collection of the money.

According to his report, as stated upon the county court record, there were $126,936\frac{34}{100}$ acres of land, ascertained by him to have been unassessed, less 2,400 irregularly assessed. No plats were made out, nor unassessed lands returned, so far as appears from the evidence. It appears from the order of court, at that term, that the services of Jacks were incomplete, and he was ordered to complete such assessment, and perform other duties, none of which were ever performed, so far as was shown to the court.

The list of lands upon which taxes were certified by the collector to have been paid, are not shown to be the unassessed lands, ascertained to be such, and brought upon the assessment list by the appellant, Jacks. Until his contract with the court was performed, and it was made to appear that money was collected upon the lands so brought upon the assessment list, the appellant had no claim whatever to compensation from the county. The claim for services was, therefore, properly rejected by the county court, and the judgment of the circuit court, affirming that of the county court, was correct.

Affirmed.